**UNITED STATES DISTRICT COURT**
District of New Jersey

<div style="float:left">
CHAMBERS OF
**JOSE L. LINARES**
JUDGE
</div>
<div style="float:right">
MARTIN LUTHER KING JR.
FEDERAL BUILDING & U.S. COURTHOUSE
50 WALNUT ST., ROOM 5054
P.O. Box 999
Newark, NJ 07101-0999
973-645-6042
</div>

March 21, 2011

**NOT FOR PUBLICATION**

All Counsel of Record
  *via electronic filing*

## LETTER OPINION

   Re:   <u>Caraballo v. Modell's Inc., et al.</u>
         **Civil Action No. 09-4939 (JLL)**

Counsel:

   This matter comes before the Court by way of a motion for summary judgment filed by Defendant Fitness Quest, Inc. Defendant's motion is brought pursuant to Federal Rule of Civil Procedure 56. This motion is returnable today. The Court has considered the submissions made in support of and in opposition to the instant motion. The Court notes that Plaintiff has not opposed Defendant's motion. The only opposition submitted was by co-defendant, Modell's Inc. No oral argument was heard in connection with this motion. <u>See</u> Fed. R. Civ. P. 78. Based on the reasons that follow, Defendant's motion is granted.

## BACKGROUND

   The following relevant facts are undisputed and supported by documentary evidence.[1]

---

[1] Co-defendant, Modell's Inc., who has chosen to oppose the instant motion, concedes that: (a) "Fitness Quest's statement of material facts as to how plaintiff's alleged accident occurred and the details following it concerning the inspection and removal of the machine to the storage room are undisputed," and (b) "no evidence has been presented with regard to a potential design or manufacturing defect on the part of Fitness Quest." (Modell's Br. at 1). Plaintiff, on the other hand, has simply failed to respond in any way to Defendant's motion and/or the statements of material facts contained therein. Local Civil Rule 56.1(a) makes clear that "any material facts not disputed shall be deemed undisputed for purposes of the summary judgment motion." L. Civ. R. 56.1.

Plaintiff was injured on July 31, 2007 while attempting to use an AB Lounge exercise machine at a Modell's retail store. (Pl. Compl., ¶¶ 1-5; Def. 56.1 Stmt., ¶ 1). The AB Lounge machine was designed by Defendant Fitness Quest. (Pl. Compl., Count Four; Def. 56.1 Stmt.,¶ 2). The equipment was disassembled when delivered to Modell's and was put together by Modell's employees. (Def. 56.1 Stmt., ¶ 3). As a result of the July 31, 2007 accident, Plaintiff sustained injuries to her head, neck and back. (Def. 56.1 Stmt., ¶ 4; Pl. Answers to Interrogatories No. 3).

The accident was witnessed by Modell's employee (and store manager) Maria Garay. (Def. 56.1 Stmt., ¶ 5). Ms. Garay testified that the accident occurred because Plaintiff was not properly using the machine. (Def. 56.1 Stmt., ¶¶ 6, 7; Ex. C. To Fang Cert. at 40:3-19). Moreover, according to Plaintiff's expert, Thomas J. Cocchiola, "[t]he design of the AB Lounge 2 did not cause or contribute to the 7/30/07 accident." (Def. 56.1 Stmt., ¶¶ 13, 14; Cocchiola Report, Ex. G to Fang Cert. at 13). Rather, Plaintiff's expert opined that the accident occurred because "Modell's failed to properly connect the ends of the locking arms and ensure that the bolts and nuts were tightened. The failure to properly connect the locking arms to the support frame legs caused the AB Lounge 2 display model to collapse when Mrs. Caraballo sat on the seat." (Cocchiola Report, Ex. G to Fang Cert. at 13). Co-defendant, Modell's Inc., has obtained its own expert who concluded that the proximate cause of the accident was Plaintiff's misuse of the machine. (Def. 56.1 Stmt., ¶ 17; Stephens Report, Ex. H to Fang Cert. at 10).

Plaintiff's Complaint alleges various claims sounding in negligence and product liability as against Modell's and Fitness Quest. Plaintiff's product liability claim, as against Defendant Fitness Quest, is brought pursuant to N.J.S.A. 2A:58C-1, et seq. Defendant Fitness Quest now seeks dismissal of this claim pursuant to Federal Rule of Civil Procedure 56(c).

## LEGAL STANDARD

A court shall grant summary judgment under Rule 56(c) of the Federal Rules of Civil Procedure "if the pleadings, the discovery and disclosure materials on file, and any affidavits show that there is no genuine issue as to any material fact and that the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(c).

On a summary judgment motion, the moving party must show, first, that no genuine issue of material fact exists. See Celotex Corp. v. Catrett, 477 U.S. 317, 323, 106 S.Ct. 2548, 91 L.Ed.2d 265 (1986). The burden then shifts to the non-moving party to present evidence that a genuine issue of material fact compels a trial. Id. at 324. In so presenting, the non-moving party must offer specific facts that establish a genuine issue of material fact, not just "some metaphysical doubt as to the material facts." Matsushita Elec. Indus. Co., Ltd. v. Zenith Radio Corp., 475 U.S. 574, 586-87, 106 S.Ct. 1348, 89 L.Ed.2d 538 (1986). Thus, the non-moving party may not rest upon the mere allegations or denials in its pleadings. See Celotex, 477 U.S. at 324. Further, the non-moving party cannot rely on unsupported assertions, bare allegations, or speculation to defeat summary judgment. See Ridgewood Bd. of Educ. v. N.E. ex rel. M.E., 172 F.3d 238, 252 (3d Cir. 1999). The Court must, however, consider all facts and their reasonable inferences in the light most favorable to the

non-moving party. See, e.g., Pennsylvania Coal Ass'n v. Babbitt, 63 F.3d 231, 236 (3d Cir. 1995).

## DISCUSSION

Under the New Jersey Product Liability Act, Plaintiff must prove that she suffered a "harm caused by a product." N.J.S.A. 2A:58C-1b(3). Defendant Fitness Quest has construed Plaintiff's product liability claim as based upon an alleged defect in the product design. Plaintiff does not dispute this and the Court agrees that Defendant's interpretation of the claim asserted against it is a reasonable one.[2] See Compl., Count Four ¶ 3; Count Six, ¶ 2.

In order to prove the existence of a defect in the product at issue, Plaintiff can rely on expert testimony concerning the product's design. See Scanlon v. General Motors Corp., 65 N.J. 582, 591 (1974). In the alternative, Plaintiff "may produce circumstantial evidence of a defect, 'such as proof of proper use, handling or operation of the product and the nature of the malfunction, [which] may be enough to satisfy the requirement that something is wrong with [the product].' " Lauder v. Teaneck Volunteer Ambulance Corps., 368 N.J. Super. 320 331 (App. Div. 2004) (quoting Scanlon, 65 N.J. at 591). Plaintiff may not prove the existence of a product defect through the res ipsa loquitur doctrine. Id.

Defendant moves for summary judgment as to Plaintiff's product liability claim on the basis that there is no genuine issue of material fact in dispute because Plaintiff has failed to come forward with any evidence, in the form of expert testimony or circumstantial evidence, demonstrating any type of defect in the AB Lounge product. Defendant's motion is well supported, particularly given Defendant's submission of Plaintiff's expert report which states, unequivocally, that "[t]he design of the AB Lounge 2 did not cause or contribute to the 7/31/07 accident." See Cocchiola Report, Ex. G to Fang Cert. at 13.

Thus, the burden shifts to Plaintiff, the non-moving party, to come forward with evidence showing that a genuine issue of material fact does exist and compels a trial. See Celotex, 477 U.S. at 324. In meeting this burden, Plaintiff may not rest upon the mere allegations or denials in its pleadings or on unsupported assertions, bare allegations, or speculation. See id.; Ridgewood Bd.

---

[2] The Court notes that co-defendant Modell's Inc. has opposed the instant motion for summary judgment on the basis that Fitness Quest is not entitled summary judgment because it is nevertheless "liable under a failure to properly instruct theory." By way of background, Modell's explains that Plaintiff had previously purchased and used an AB Lounge machine at home but failed to read the instructions because they were provided only in English and she spoke only Spanish. Thus, Modell's theorizes that "[t]his failure to provide clear and proper instructions, safety warnings and an operator's manual in a language other than English in the United States is a breach of Fitness Quest's duty to instruct and warn. This failure resulted in plaintiff's improper usage of the subject machine causing the alleged injuries to plaintiff." (Modell's Br. at 3). This is not, however, the theory upon which Plaintiff bases her product liability claim – the only claim at issue in this motion.

of Ed., 172 F.3d at 252. Having chosen not to oppose Defendant's motion, Plaintiff has failed to meet her burden. This matter has been pending for nearly two years. Discovery is now complete. To date, Plaintiff has failed to come forward with any evidence in support of her product liability claim as against Fitness Quest. In light of the foregoing, Defendant Fitness Quest's motion for summary judgment as to Plaintiff's product liability claim is granted.

## CONCLUSION

Based on the reasons set forth above, Defendant's motion for summary judgment is granted.

An appropriate Order accompanies this Letter Opinion.

                                                /s/ Jose L. Linares
                                                Jose L. Linares
                                                United States District Judge